≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alvin H. Butz, Inc

**DEFENDANTS**
Zurich American Insurance Company

**(b)** County of Residence of First Listed Plaintiff  **Lehigh**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nancy L. Margolis, Esquire/ Heather T. Fritts, Esquire
Stradley, Ronon, Stevens & Youg LLP
2600 One Commerce Square, Philadelphia, PA 19103

Attorneys (If Known)
Louis A. Bové, Esquire/ Marc J. Syken, Esquire
Bodell, Bove, Grace & Van Horn
30 South 15th Street, 6th Floor, Philadelphia PA 19102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | X 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- X 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §§ 1332, 1441
Brief description of cause:
Breach of Contract, action seeking rights under an insurance policy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 19, 2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ALVIN H. BUTZ, INC.<br><br>*Plaintiff,*<br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br>*Defendant.* | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| May 19, 2011 | Louis A. Bove, Esquire<br>Marc J. Syken, Esquire | Zurich American Insurance Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | lbove@bodellbove.com |
| (215) 864-6600 | (215) 864-6610 | msyken@bodellbove.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 840 Hamilton Street, P.O. box 509, Allentown PA 18105

Address of Defendant: 1400 American Lane, Schaumberg, IL 60196

Place of Accident, Incident or Transaction: Allentown, Pennsylvania
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes **X**  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐   No **X**
*RELATED CASE, IF ANY*:
Case Number: _____N/A_____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. **X** Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _____Marc J. Syken_____, counsel of record do hereby certify:

  **X** Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: 5/19/11         _____         62533
                      Attorney-at-Law                  Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/19/11         _____         62533
                      Attorney-at-Law                  Attorney I.D.#
CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN H. BUTZ, INC.<br><br>*Plaintiff,*<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br>*Defendant.* | CIVIL ACTION NO. |

## DISCLOSURE STATEMENT
## OF ZURICH AMERICAN INSURANCE COMPANY

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for Zurich American Insurance Company, in the above captioned action, certifies that the following parents, subsidiaries and/or affiliates of said party have issued shares or debt securities to the public:

Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation. Zurich Holding Company of America, Inc. is 99.8711% owned directly by Zurich Insurance Company Ltd, a Swiss corporation, with the remaining shares indirectly owned by Zurich Insurance Company Ltd. Zurich Insurance Company Ltd is directly owned by Zurich Financial Services Ltd, a Swiss corporation. Zurich Financial Services Ltd is the only publicly traded parent company, with a listing on the Swiss stock exchange, and a further trading of American Depositary Receipts.

Dated: May 19, 2011          By: _____
Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the Disclosure Statement of defendant, Zurich American Insurance Company, has been electronically filed on this date and is available for viewing on the Court's ECF System. A true and correct copy of the Notice of Removal has also been served *via* electronic mail, on this date, to:

> Nancy L. Margolis, Esquire
> Heather T. Fritts, Esquire
> Stradley, Ronon, Stevens, & Young
> 2600 One Commerce Squre
> Philadelphia, PA 19103-7098
> nmargolis@stradley.com
> hfritts@stradley.com

Dated: 5/19/11    By: _____
Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN H. BUTZ, INC.<br><br>*Plaintiff,*<br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br>*Defendant.* | CIVIL ACTION NO. |

## DISCLOSURE STATEMENT
## OF ZURICH AMERICAN INSURANCE COMPANY

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for Zurich American Insurance Company, in the above captioned action, certifies that the following parents, subsidiaries and/or affiliates of said party have issued shares or debt securities to the public:

> Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation. Zurich Holding Company of America, Inc. is 99.8711% owned directly by Zurich Insurance Company Ltd, a Swiss corporation, with the remaining shares indirectly owned by Zurich Insurance Company Ltd. Zurich Insurance Company Ltd is directly owned by Zurich Financial Services Ltd, a Swiss corporation. Zurich Financial Services Ltd is the only publicly traded parent company, with a listing on the Swiss stock exchange, and a further trading of American Depositary Receipts.

Dated: May 19, 2011    By: _____
Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the Disclosure Statement of defendant, Zurich American Insurance Company, has been electronically filed on this date and is available for viewing on the Court's ECF System. A true and correct copy of the Notice of Removal has also been served *via* electronic mail, on this date, to:

Nancy L. Margolis, Esquire
Heather T. Fritts, Esquire
Stradley, Ronon, Stevens, & Young
2600 One Commerce Squre
Philadelphia, PA 19103-7098
nmargolis@stradley.com
hfritts@stradley.com

Dated: 5/19/11    By: _____

Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN H. BUTZ, INC.<br><br>      *Plaintiff,*<br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br>      *Defendant.* | CIVIL ACTION NO. |

### NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE
        UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF PENNSYLVANIA:

PLEASE TAKE NOTICE that defendant, Zurich American Insurance Company, by its undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. §§1332 and 1441, removing the above-captioned case filed by plaintiff from the Court of Common Pleas of Lehigh County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

### HISTORY OF CASE

1.    On or about April 15, 2011, plaintiff, Alvin H. Butz, Inc., commenced the instant action by Complaint in the Court of Common Pleas of Lehigh County, Pennsylvania, No. 2011-C-1481, against Zurich American Insurance Company seeking damages for breach of contract, as well as declaratory relief. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

### CITIZENSHIP OF PARTIES

2.    Plaintiff Alvin H. Butz, Inc. ("Butz") alleges that it is a corporation organized and existing under the law of the Commonwealth of Pennsylvania, with its principal place of business at 840 Hamilton Street, Allentown, PA 18105. *See* Butz Complaint at ¶2.

3. For diversity jurisdiction purposes, pursuant to 28 U.S.C. §1332, plaintiff was, and is, a citizen of the Commonwealth of Pennsylvania, at all times material hereto.

4. Defendant, Zurich American Insurance Company ("Zurich"), is a corporation duly organized, existing, and incorporated under the laws of the State of New York with its principal place of business at 1400 American Lane in Schaumburg, Illinois.

5. For diversity jurisdiction purposes, pursuant to 28 U.S.C. §1332, defendant is a corporate citizen of the States of New York and Illinois.

### THIS REMOVAL NOTICE IS TIMELY

6. Counsel for plaintiff forwarded a copy of the Complaint in this matter to Zurich, by certified mail, return receipt requested on or about April 19, 2011, and the same was received on or about April 22, 2011.

7. Pursuant to 28 U.S.C. §1446(b), "[the] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

8. Thirty (30) days from the first purported service upon defendant is on or about May 21, 2011. As this Notice is being filed on or before that date, defendant's Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

### AMOUNT IN CONTROVERSY

9. This action arises out of a claim for breach of contract and declaratory relief with respect to insurance coverage for plaintiff relative to an underlying action styled, *Zepp, et ux v. Duggan & Marcon, et al*, Court of Common Pleas of Philadelphia County, Pennsylvania, December Term, 2009, No. 00421 ("*Zepp* Litigation").

10. In the *Zepp* Litigation, Rodney Zepp ("Zepp") claims he was injured on January 14, 2008, after falling 40 to 50 feet from scaffolding at a construction site in Allentown, Pennsylvania. *See* Zepp Complaint at ¶¶24, 27, a copy of which was appended to the Butz Complaint at Exhibit "A."

11. As a result of the fall, Zepp claims he sustained various injuries, including a fractured skull, pelvis, left ankle, and spine, among other injuries, and seeks damages from the plaintiff for those injuries in an amount in excess of $50,000.00. Zepp Complt. at ¶¶30, 31; Butz Complt. at ¶¶17,18.

12. In Count I of the Complaint, styled as breach of contract, plaintiff seeks damages for Zurich's alleged failure to comply with its insuring obligations for the *Zepp* litigation. *See* Butz Complaint, Count I.

13. In Count II of the Complaint, styled as declaratory judgment, plaintiff seeks a declaration that Zurich is obligated to "pay all defense costs incurred on behalf of Butz," and to indemnify Butz for any settlement or judgment in the *Zepp* litigation. *See* Butz Complaint, Count II.

14. It is believed, and therefore averred from a reasonable reading of the Butz Complaint, that plaintiff alleges monetary damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### REMOVAL PREREQUISITES HAVE BEEN MET

15. This action is one over which this Court has original jurisdiction under 28 U.S.C. §1332(a) and is one that may be removed to this Court by the defendant pursuant to 28 U.S.C. §§1441(a) and (b), in that it is a suit constituting a dispute between citizens of different states and

the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

16. The Notice of Removal has been timely made pursuant to 28 U.S.C. §1446(b).

17. Defendant has sought no similar relief with respect to this matter.

18. Concurrent with the filing of this Notice, defendant is serving this Notice upon plaintiff's counsel, and will promptly file a copy of the Notice with the Prothonotary of the Court of Common Pleas of Lehigh County.

WHEREFORE, Notice is given that this action is removed from of the Court of Common Pleas of Lehigh County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: 5/19/2011    By: _____
Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the Notice of Removal of defendant, Zurich American Insurance Company, has been electronically filed on this date and is available for viewing on the Court's ECF System. A true and correct copy of the Notice of Removal has also been served *via* electronic mail, on this date, to:

>Nancy L. Margolis, Esquire
>Heather T. Fritts, Esquire
>Stradley, Ronon, Stevens, & Young
>2600 One Commerce Squre
>Philadelphia, PA 19103-7098
>nmargolis@stradley.com
>hfritts@stradley.com

Dated: 5/19/11    By: _____
Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*